IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM DILL | ) | |
| | ) | |
| v. | ) | NO. 3:12-0223 |
| | ) | |
| T-MOBILE | ) | |

TO:     Honorable Todd J.Campbell, Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 28, 2012 (Docket Entry No. 3), this civil action was referred to the

Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for

entry of scheduling order, decision on all pretrial, nondispositive motions, and a report and

recommendation on any dispositive motions.

The plaintiff filed this action pro se on February 28, 2012, against a single defendant, T-Mobile,

alleging unlawful activity under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e et seq.

("Title VII").  The docket in the action indicates that summons were given to the plaintiff on February

28, 2012, but there is no indication in the record that the plaintiff returned a completed summons to the

Clerk for issuance or that he has served the defendant with process in this action.  The record shows that

the plaintiff has had no contact with the Court since filing his complaint.

It is well settled that Federal trial courts have the inherent power to manage their own dockets.

Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).  Furthermore,

Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a

showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff.  See

Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).  Additionally, Rule 4(m) of

the Federal Rules of Civil Procedure requires that the defendant be served with process within 120 days

of the date this action was filed and provides that, in the absence of a showing of good cause by the

plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice or order that service be made within a specified time. Given the plaintiff's apparent lack of interest in the action and his failure to take the steps necessary to serve the defendant with process in the five months since filing his action or to prosecute his action in any manner, the Court finds that dismissal of the action is warranted.[1]

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to the plaintiff of the Court's intention to sua sponte dismiss the action under Rule 4(m) and Rule 41(b), and the fourteen day period for filing objections provides the plaintiff with the opportunity to show why the action should not be dismissed.